USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
:
In re Application of :
T-SYSTEMS SCHWEIZ AG and :  Case No. 1:20-MC-00308-GHW
T-SYSTEMS AUSTRIA GESMBH :
for an Order to Conduct Discovery for :  **STIPULATED CONFIDENTIALITY**
Use in Foreign Proceedings Pursuant to :  **AND PROTECTIVE ORDER**
28 U.S.C. § 1782 :
:
------------------------------------------------------ x

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this proceeding (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this proceeding;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the proceeding;

IT IS HEREBY ORDERED that the Parties to this proceeding, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

    1.    With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this proceeding) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans;

    (d) any information of a personal or intimate nature regarding any individual; or

    (e) any other category of information given confidential status by this Court after the date of this Order.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Confidential Information redacted.

4. If at any time before the termination of this proceeding a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party

shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

5. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a waiver or ruling regarding the admissibility of any document, testimony, or other evidence in this or any other legal proceeding.

6. The production of documents protected from disclosure by the attorney client privilege, the work product doctrine, or any other legal protection from disclosure, whether inadvertent or otherwise, is not a waiver of the protection from discovery in this case or in any other federal, state, or foreign-based proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this proceeding, their counsel, their insurers, and counsel to their insurers;

    (b) Deutsche Telekom AG, its counsel, its insurers, and counsel to its insurers, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto (without prejudice to Deutsche Telekom AG seeking permission from the Court to disclose Confidential Discovery Material to its parent entities, subsidiaries, or affiliates for use in a foreign litigation involving the Parties to this Agreement or their parent entities, subsidiaries, or affiliates—provided, however, that any potential recipient associated with Deutsche Telekom AG or its applicable parent

        entities, subsidiaries, or affiliates shall have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto);

(c)     counsel retained specifically for this proceeding, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(d)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this proceeding;

(e)     any mediator or arbitrator that the Parties engage in this proceeding or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g)     any person a Party retains to provide specialized advice to counsel in connection with this proceeding, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

(h)     this Court, including any appellate court, its support personnel, and court reporters.

8.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(b), 7(e), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement and hold it in escrow.

9. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

10. In filing Confidential Discovery Material with this Court, or filing portions of any motions or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

11. Any Party who objects to any designation of confidentiality may at any time serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

5

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

13. Nothing contained in this Order will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Within 1 year of the final disposition of the pending or contemplated proceedings that form the basis for this proceeding—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 1 year deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any

copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this proceeding may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

17. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

18. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| Dated:  November 25, 2020 | **SQUIRE PATTON BOGGS (US) LLP** <br><br> /s/ *John J. Reilly* <br> John J. Reilly <br> 1211 Avenue of the Americas, 26th Floor <br> New York, New York 10036 <br> (212) 872-9800 <br> john.reilly@squirepb.com <br><br> Of Counsel: <br><br> Digna B. French (admitted *pro hac vice*) <br> 200 South Biscayne Boulevard, Suite 4700 <br> Miami, Florida 33131 <br> (305) 577-7000 <br> digna.french@squirepb.com <br><br> *Attorneys for Applicants T-Systems Schweiz AG & T-Systems Austria GesmbH* |
| Dated:  November 25, 2020 | **DLA PIPER LLP (US)** <br><br> /s/ *Cassandra A. Beckman Widay* <br> Michael D. Hynes (MH5086) <br> Cassandra A. Beckman Widay (CB0830) <br> 1251 Avenue of the Americas, 27th Floor <br> New York, New York  10020 <br> (212) 335-4500 <br> michael.hynes@us.dlapiper.com <br> cassandra.beckmanwiday@us.dlapiper.com <br><br> *Counsel for Respondents IPsoft, Inc. and Chetan Dube* |

SO ORDERED.

Dated:  November 27, 2020

HON. GREGORY H. WOODS
United States District Judge

8

<u>Exhibit A</u><br>
To Stipulated Confidentiality Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br>T-SYSTEMS SCHWEIZ AG and<br>T-SYSTEMS AUSTRIA GESMBH<br>for an Order to Conduct Discovery for<br>Use in Foreign Proceedings Pursuant to<br>28 U.S.C. § 1782 | Case No. 1:20-MC-00308-GHW<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____ , acknowledge that I have read and understand the Protective Order in this proceeding governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than as permitted by the Protective Order and that after the conclusion of the proceeding I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date: